IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORI E. MATTHEWS,

    Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY AND
VALINA H. HAMILTON,

    Defendants.

## NOTICE OF REMOVAL

Defendants, Progressive Direct Insurance Company ("Progressive") and Valina Hamilton ("Hamilton") (collectively "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of this action from the Third Judicial District, County of Dona Ana, State of New Mexico, Case No. D-307-CV-2017-01647, to the United States District Court for the District of New Mexico, and state as follows:

### I.  INTRODUCTION

1. On June 9, 2017, Plaintiff, Lori E. Matthews ("Plaintiff" or "Matthews"), commenced this action by filing her Complaint for Negligence, Declaratory Judgment, Breach of Contract and Damages in the Third Judicial District, County of Dona Ana, State of New Mexico, Case No. D-307-CV-2017-01647 against Defendants.  *See* Plaintiff's Complaint, attached hereto as Exhibit A.

2. According to the Complaint, on or about June 18, 2013, Plaintiff was operating her 2011 grey Ford Fusion when an accident occurred between her and Robert E. Barron ("motor vehicle accident").  Mr. Barron is not a party to this suit.  *Id.*, ¶¶ 6 and 7.

3. Plaintiff claims that her vehicle sustained severe damages and she sustained substantial physical injuries and damages. *Id.*, ¶ 8.

4. Progressive issued a policy of insurance ("Policy") to the Plaintiff with an applicable policy period of February 17, 2013 through August 17, 2013 subject to the Policy terms and conditions. The Policy was in effect at the time of the loss. *Id.*, ¶¶ 5-6.

5. Plaintiff alleges that following the motor vehicle accident, a claim for benefits was made under her Progressive Policy of insurance but Progressive failed to provide reasonable offers to settle Plaintiff's demands for her injuries and damages. *Id*., ¶17.

6. Plaintiff asserts six claims for relief against Defendants: Negligence (Count II), Declaratory Judgment (Count III), Underinsured Motorist (UIM) Coverage (Count IV), Violation of the New Mexico Insurance Code (Count V), Violation of the New Mexico Unfair Practices Act (Count VI) and Bad Faith Breach of Contract (Count VII). *Id*. at pages 3-9.

## II.  DIVERSITY JURISDICTION

7. In her Complaint, Plaintiff asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See,*

*e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

    **A.**    <u>**Complete Diversity of Citizenship Exists.**</u>

9.    As alleged in her Complaint, Plaintiff is a resident of Dona Ana County, New Mexico. *See* Complaint ¶ 1.

10.    Progressive is incorporated under the laws of the State of Ohio and maintains its principal place of business in Cleveland, Ohio. 28 U.S.C. § 1322(c)(1).

11.    Contrary to Plaintiff's assertions, Ms. Hamilton is a resident of Lubbock, Lubbock County, Texas. 28 U.S.C. § 1322.

12.    For purposes of federal diversity jurisdiction, the parties are completely diverse.

    **B.**    <u>**The Amount in Controversy Exceeds $75,000.**</u>

13.    Although Defendants contest liability and damages, Plaintiff seeks a monetary judgment against Defendants that, upon information and belief, exceeds $75,000. The Progressive Policy of insurance provided $100,000 in stacked underinsured motorist ("UIM") coverage. Upon information and belief, Plaintiff recovered $50,000 from the liability carrier insuring Mr. Barron. After applying the statutory offsets, Plaintiff demanded the remaining $50,000 in Policy benefits from Progressive. In addition, Plaintiff alleges that Progressive and Ms. Hamilton violated the New Mexico statutory codes and committed bad faith in handling Plaintiff's claims. *See for example McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy). *See* Complaint.

14.    Plaintiff alleges that she sustained substantial physical injuries and damages to support her UIM claim. In addition to her UIM claim, Plaintiff seeks damages for bad faith breach

of contract, violation of the New Mexico Unfair Claims Practices Act, and violation of the New Mexico Unfair Practices Act. In addition to the compensatory damages, Plaintiff seeks additional damages such as punitive damages, treble damages, pre- and post-judgment interest, attorney's fees and costs and "all other relief…" *See* Complaint. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.     VENUE

16. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV.     COMPLIANCE WITH THE RULES

17. All procedural requirements related to the removal of this action have been satisfied.

18. True and correct copies of "all process, pleadings, and orders served upon" Defendants in the state court action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

19. Defendants are timely in filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b), Exhibit A. Defendant Ms. Hamilton has not been served but undersigned counsel will accept service for her as of July 24, 2017.

20. All Defendants have consented to the Removal. Accordingly, Defendants have filed a Notice of Filing of Notice of Removal in the pending state court action in the Third Judicial

District, County of Dona Ana, State of New Mexico, Case No. D-307-CV-2017-01647, which is attached hereto as Exhibit B.  *See* 28 U.S.C. § 1446(a).

21.	A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff as specified in the certificate of service.  28 U.S.C. § 1446(d).

22.	Pursuant to Fed.R.Civ.P. 81(c), Defendants will present their defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendants, Progressive Direct Insurance Company and Valina Hamilton, respectfully request that the action now pending in the Third Judicial District, County of Dona Ana, State of New Mexico, Case No. D-307-CV-2017-01647, be removed therefrom to this Court and that all further proceedings be had in this Court.

>	Respectfully Submitted,
>
>	SIMONE, ROBERTS & WEISS, P.A.
>
>	/s/ Meena H. Allen
>	MEENA H. ALLEN
>	1700 Louisiana Blvd., N.E., Suite 240
>	Albuquerque, NM  87110
>	(505) 298-9400
>	mallen@srw-law.com
>	*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Charles J. Ruhmann, IV
John Lomax Anderson
Ruhmann Law Firm
5915 Silver Springs, Bldg. 1
El Paso, TX 79912

/s/ Meena H. Allen
Meena H. Allen