Case 2:17-cv-00762-MV-GJF   Document 1-1   Filed 07/24/17   Page 1 of 19

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
6/9/2017 4:02:24 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

LORI E. MATTHEWS,

      Plaintiff,

vs.

No. D-307-CV-2017-01647

Beyer, Marci

PROGRESSIVE DIRECT
INSURANCE COMPANY; and
VALINA HAMILTON,

      Defendants.

## COMPLAINT FOR NEGLIGENCE, DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND DAMAGES

    Plaintiff, by and through her attorneys, RUHMANN LAW FIRM, P.C. (Charles J. Ruhmann, IV), (John Lomax Anderson), for his causes of action against the Defendants, states:

### I. COMMON FACTUAL ALLEGATIONS

1. Plaintiff is a resident of Doña Ana County, New Mexico.

2. Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY ("Defendant" or "PROGRESSIVE"), is an insurer as defined by New Mexico law which is organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business, and is conducting business, within Doña Ana County, New Mexico.

3. Defendant, VALINA HAMILTON, is an individual who upon information and belief resides in Dona Ana County. Said Defendant is also a claims adjuster working for Defendant PROGRESSIVE DIRECT INSURNACE COMPANY in its Las Cruces, NM office, 2440 N. Telshore, Ste. A, Las Cruces, NM 88011.

4. At all times pertinent hereto, Plaintiff and Defendant, PROGRESSIVE DIRECT INSURANCE COMPANY were insured and insurer respectively under a valid and binding

EXHIBIT A

contract for insurance, policy number 77033426-5.  Plaintiff was covered as a "class 1" insured under a policy of automobile insurance issued by Defendant PROGRESSIVE DIRECT INSURANCE COMPANY herein to LORI E. MATTHEWS, which provided her and family members coverage for injuries and damages suffered through the acts or omissions of underinsured ("UIM") motorists. ("Progressive Direct Insurance Company Policy").

5. On or about June 18, 2013, said insurance policy was in full force and effect.

6. On or about June 18, 2013, within the effective period of the aforementioned policy, at approximately 6:31 p.m., Plaintiff, Lori E. Matthews was operating her 2011 grey Ford Fusion in a reasonable and prudent manner, exercising ordinary care for her safety and for the safety of others, traveling eastbound on E. Boutz Road at the intersection of El Paseo Street and entered the intersection on a green light.

7. Robert E. Barron, a New Mexico resident, operating a 1999 blue Jeep, was traveling southbound on El Paseo Street when suddenly and without warning, Robert E. Barron entered into Plaintiff's path and struck the front of Plaintiff's vehicle.

8. As a result of Robert E. Barron's negligent conduct and the resulting collision, Plaintiff's vehicle sustained severe damages and Plaintiff sustained substantial physical injuries and damages.

9. Plaintiff duly reported the automobile collision to PROGRESSIVE DIRECT INSURNACE COMPANY, and provided all requested information and documentation.

10. Under the terms of the UIM policy and under applicable law, Defendants shall provide UIM benefits to the Plaintiff, as a class 1 insured, for up to the policy limits, less the offset amount that Plaintiff has recovered from the underinsured driver, Robert E. Barron, in another action.

11. Plaintiff has otherwise performed all conditions precedent to her right to receive insurance proceeds under the aforementioned UIM policy to compensate her for the losses caused by Robert E. Barron's negligence.

## II. NEGLIGENCE

12. Plaintiff incorporates the above allegations as though fully restated herein

13. Defendants owed Plaintiff statutory and common law duties to ensure that Plaintiff was covered by the insurance requested, expected and for which consideration was paid.

14. Defendants breached its statutory and common law duties to Plaintiff by acting unreasonably and by failing to effectuate Plaintiff's expectation of coverage as alleged herein.

15. As a proximate result of Defendants' negligence and/or mistakes, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to attorney's fees and costs of suit pursuant to §39-2-1, NMSA 1978.

## III. DECLARATORY JUDGMENT

16. Plaintiff incorporates the above allegations as though fully restated herein.

17. Defendants have failed to provide reasonable offers to settle Plaintiff's demands for compensation for her injuries and damages under the policy.

18. An actual controversy exists between the parties concerning their respective rights, status, and obligations under the facts and circumstances of this case and each insurance policy involved herein sufficient to satisfy the requirements of the Declaratory Judgment Act, §§ 44-6-1 to 44-6-15, NMSA 1978.

## IV. UNDERINSURED MOTORIST (UIM) COVERAGE

19. Plaintiff incorporates the above allegations as though fully restated herein.

20. As described herein, Plaintiff sustained substantial physical injuries and damages as a direct and proximate result of the negligent operation of a motor vehicle by Robert E. Barron, an underinsured driver.

21. As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has incurred medical expenses for treatment, therapy, and medication for her injuries sustained in this accident, said expenses are expected to continue in the future and may require surgery, resulting in compensatory damages in an amount to be proven at trial.

22. As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has endured pain and suffering, mental anguish, and loss of enjoyment of life, and will continue to endure such damages in the future, in an amount to be proven at trial.

23. As a direct and proximate result of the negligence of that underinsured driver, Plaintiff has suffered injuries which are likely to be permanent, resulting in damages in an amount to be proven at trial.

24. Under the terms of the policy and under applicable law, Defendants are liable to Plaintiff for all damages, less offset, that Plaintiff could have recovered from the underinsured driver.

## V. VIOLATIONS OF THE NEW MEXICO INSURANCE CODE

25. Plaintiff incorporates the above allegations as though fully restated herein.

26. The actions of Defendants as described herein constitute violations of the New Mexico Insurance Code, § 59A-16-20, NMSA 1978.

27. Specifically, Defendants, through its employees and/or agents, committed the following acts, which are defined by the Code as prohibited practices:

    (a) Misrepresenting to insured pertinent facts or policy provisions relating to coverages at issue;

(b)  not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claim in which liability has become reasonably clear;

(c)  compelling insured to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

(d)  failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

28. As a direct and proximate cause of Defendants' violations of the Insurance Code, Plaintiff has suffered damages in an amount to be proven at trial.

29. Defendants' violations of the Insurance Code were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights and of Defendant's duties and obligations under New Mexico law, thereby making Defendants liable to Plaintiff for exemplary and punitive damages.

30. Plaintiff is entitled to recover reasonable attorney's fees for Defendants' knowing and intentional violations of the Insurance Code.

## VI. VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT

31. Plaintiff incorporates the above allegations as though fully restated herein.

32. Defendants' actions as described herein constitute violations of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.*, NMSA 1978 ("UPA").

33. Specifically, Defendants, through its employees and agents, knowingly made false or misleading representations in connection with the sale of its insurance services in the regular

course of its commerce which to or did deceive and mislead Plaintiff, including the failure to deliver the quality of insurance services contracted for.

34. In addition, Defendants' actions constitute "unconscionable trade practices" as defined in the UPA in that the insurance services provided to Plaintiff resulted in a gross disparity between the value received by the insureds and the price paid for the insurance policy.

35. Defendants' violations of the UPA were wanton, malicious and done with intentional disregard of Plaintiff's interests and rights, and of Defendants' duties and obligations under New Mexico law, thereby making Defendants liable to Plaintiff for exemplary and punitive damages.

36. Plaintiff is entitled to recover reasonable attorney's fees under the UPA said violations by Defendants which were knowing and intentional.

## VII. BAD FAITH BREACH OF CONTRACT

37. Plaintiff incorporates the above allegations as though fully restated herein.

38. Plaintiff was insured for her damages caused by the accident of June 18, 2013.

39. Defendants have failed and refused to pay these damages pursuant to the policy issued to Lori E. Matthews.

40. Further, under New Mexico law, Defendants have the duty to act honestly, promptly, in good faith, and in a non-discriminatory manner in the performance of the insurance contract. Defendants further have an obligation to give equal consideration to its own interests and the interests of its insureds and policyholders.

41. As described herein, Defendants have breached these duties and has thereby acted in bad faith.

42. Defendants have breached its contractual obligation to pay the damages incurred by its insured, the Plaintiff.

43.     Defendants have failed to offer to pay a reasonable sum to settle Plaintiff's UIM claim despite serious and permanent injuries, and despite the fact that the liability of Robert E. Barron has been established for quite some time.

44.     Defendants' actions were intentional, malicious, and willful and wanton, thereby justifying an award of punitive and exemplary damages.

45.     As a direct and proximate result of the June 18, 2013, accident, Plaintiff suffered personal injuries requiring medical treatment and permanent injuries. Her injuries have interfered with her ability to engage in normal wage earning, social, and recreational activities. They have caused her great pain and suffering, and damages including but not limited to medical bills, pain and suffering, loss of enjoyment of life, loss of household services, attorney's fees, and costs of suit, which Defendants have failed to pay in accordance with its contractual and legal obligations.

46.     Plaintiff is entitled to recover her attorney's fees and costs in pursuing this action pursuant to §39-2-1 NMSA 1978.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be proven at trial which is reasonable to compensate her for her damages, injuries, losses, damages to be sustained in the future, the costs of this action, attorney's fees, and pre- and post-judgment interest; for a Court review of the insurance policy herein, the facts and circumstances, and the applicable law; for the issuance an order determining and awarding the amount of damages incurred by the Plaintiff, declaring the parties' respective rights and obligations, and directing their behavior accordingly, all as permitted by the Declaratory Judgment Act; for judgment awarding punitive damages in an amount sufficient to punish Defendants for their willful, intentional misconduct resulting in delay of payment of the claim and for forcing litigation upon Plaintiff; for judgment awarding punitive damages in an amount sufficient to punish Defendants for their willful,

intentional misconduct resulting in delay of payment of damages, and for forcing litigation upon Plaintiff; and for judgment granting all such other and further relief as the Court deems proper under the circumstances.

                              Respectfully submitted,

                              **RUHMANN LAW FIRM**
                              5915 Silver Springs, Bldg. 1
                              El Paso, Texas 79912
                              (915) 845-4529
                              (915) 845-4534 Fax

BY:     /s/ Charles J. Ruhmann, IV
                              **CHARLES J. RUHMANN, IV**
                              cruhmann@ruhmannlaw.com
                              **JOHN LOMAX ANDERSON**
                              janderson@ruhmannlaw.com
                              *Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
6/9/2017 4:02:24 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

LORI E. MATTHEWS,

    Plaintiff,

vs.                                                                    No. D-307-CV-2017-01647

                                                                         Beyer, Marci

PROGRESSIVE DIRECT
INSURANCE COMPANY; and
VALINA HAMILTON,

    Defendants.

## COURT ANNEXED ARBITRATION CERTIFICATION

Plaintiff, by through his undersigned counsel, pursuant to Third Judicial District Local Rule, Rule LR3-706B, certifies as follows:

[ ]    This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, cost and attorney fees.

[X]    This party seeks relief other than a money judgment and/ or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

                                                 Respectfully submitted,

                                                 **RUHMANN LAW FIRM**
                                                 5915 Silver Springs, Bldg. 1
                                                 El Paso, Texas 79912
                                                 (915) 845-4529
                                                 (915) 845-4534 Fax

BY:          */s/ Charles J. Ruhmann, IV*
               **CHARLES J. RUHMANN, IV**
               cruhmann@ruhmannlaw.com
               **JOHN LOMAX ANDERSON**
               janderson@ruhmannlaw.com
               *Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
6/9/2017 4:02:24 PM
CLAUDE BOWMAN
Javier Cuevas

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

LORI E. MATTHEWS,

    Plaintiff,

vs.                                         No. D-307-CV-2017-01647

PROGRESSIVE DIRECT                      Beyer, Marci
INSURANCE COMPANY; and
VALINA HAMILTON,

    Defendants.

## PLAINTIFF'S SIX PERSON JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff hereby demands a jury of six persons, and tender the requisite fee in accordance with this demand.

                                                     Respectfully submitted,

                                                     **RUHMANN LAW FIRM**
                                                     5915 Silver Springs, Bldg. 1
                                                     El Paso, Texas 79912
                                                     (915) 845-4529
                                                     (915) 845-4534 Fax

                       BY:            */s/ Charles J. Ruhmann, IV*
                                                    **CHARLES J. RUHMANN, IV**
                                                    cruhmann@ruhmannlaw.com
                                                   **JOHN LOMAX ANDERSON**
                                                   janderson@ruhmannlaw.com
                                                   *Attorneys for Plaintiff*

3RD JUDICIAL DISTRICT COURT
DOÑA ANA COUNTY NM
FILED IN MY OFFICE
6/13/2017 1:14:17 PM
CLAUDE BOWMAN
Joseph Martinez

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

LORI E. MATTHEWS,
          Plaintiff,

                                      D-307-CV-2017-01647
                                      JUDGE: MARCI BEYER

PROGRESSIVE DIRECT INSURANCE
COMPLANY, and VALINA HAMILTON,,
          Defendant.

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.   Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.   Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.   Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D. If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the *party making claims against the absent parties (Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E. Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F. When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G. If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H. Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

(1) stipulate to a discovery plan and file the stipulation with the court, or

(2) request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

(3) In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:
Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the

        pleadings, identifying the subjects of the information;

   b.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

   c.    A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

   d.    For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

   e.    If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NMRA shall apply.

I.    Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.    Intent to Call Expert Witness - Disclosure.    No later than sixty (60) calendar days after filing their respective pleading or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which

an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify. With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

_____
DISTRICT COURT JUDGE

-----------------------------------------------------------------

Claude Bowman
Clerk f the District Court

_____
Deputy - Joe M Martinez,

LR3-Form 2.12                                                         Supreme Court Approved
August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

                                             Plaintiff

vs.

                                                      NO.: D-307-CV
                                                      Judge:

                                             Defendant

### JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as follows:

1. The court has subject matter and personal jurisdiction, and venue is proper.

2. This case is appropriate for assignment to Track A

3. The parties do not intend to amend the pleadings or file dispositive motions

4. All parties will be ready for trial *by*_____ *(no more than six (6) months from filing of complaint)*

5. Witness lists will be exchanged and filed forty-five (45) days before trial

6. Discovery limited to interrogatories, requests for production and admission and no more than two (2) depositions per party.

7. All parties and counsel will either (a) select a facilitator by agreement of the parties, or (b) request the court's ADR coordinator to select a facilitator and will engage in a settlement conference within ninety (90) days from the date of the filing of the complaint. The parties may move for enlargement of time for the settlement conference for good cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

   This (jury ____ 6 ____ 12 nonjury _____ ) matter will take _____ hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial) for two (2) months following the date the matter is ready for trial:

   _____

   _____

10. Other: _____


SUBMITTED BY:

Name of party:  _____
Attorney:       _____
Address:        _____
                _____
Telephone Number _____


Name of party:  _____
Attorney:       _____
Address:        _____
                _____
Telephone Number _____

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the ____ day of_____ , 20_____

_____
Signature

LR3-Form 2.13. (_____ 's) (joint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

              , Plaintiff

vs.

                  NO.: D-307-CV
                  Judge:
             , Defendant

       (_____'S) (JOINT) SCHEDULING ORDER

1. This case should be assigned to Track _____.
2. Jurisdiction and Venue: _____Stipulated; _____Disputed;
   Why:_____
3. _____Non Jury; _____6-person jury; _____12-person jury.
4. Significant legal issues, if any: _____
_____
5. Trial witnesses presently known (defendant's, plaintiff's, etc.): _____
State expert type: _____
6. Settlement:
  _____ [I] [We] have sufficient information to evaluate the case.
  _____ [I] [We] have provided sufficient information for opposing parties to evaluate the case.
  _____ [I][We] need the following information from_____to evaluate the case: _____

  _____ [I] [We] need the following discovery to obtain information sufficient to evaluate the case: _____ Explain why such information cannot be obtained informally without formal discovery: _____

  _____ [I] [We] have scheduled a settlement conference on _____, 20_____ with_____ *(facilitator)* or have requested the court's ADR coordinator to refer to facilitation.
             Or
  _____ [I] [We] request that this not be referred to facilitation because: _____
The possibility of settlement is _____ good, _____ fair, _____poor.

7. Discovery:
   [I] [We] estimate it will take _____ months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted.)* If any party requests a discovery conference, answer the following:
   The party submitting this scheduling report intends to do the following discovery:
   _____
   *(If this is a joint scheduling report, each party shall answer this question.)*
   [Plaintiff] [Defendant] intends to do the following discovery:
   _____

8. [I] [We] estimate that trial will take ___ court days to try-
9. Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).* _____
10. Stipulations: _____
11. Other:
    _____


SUBMITTED BY:

Name of party:                    _____
Attorney:                         _____
Address:                          _____
                                  _____
Telephone Number                  _____


Name of party:                    _____
Attorney:                         _____
Address:                          _____
                                  _____
Telephone Number                  _____


### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the ____ day of _____ , 20 _____

_____
Signature

Case 2:17-cv-00762-MV-GJF   Document 1-1   Filed 07/24/17   Page 19 of 19

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/12/2017 2:02:18 PM
CLAUDE BOWMAN
Natasha Rousseau

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

LORI E. MATTHEWS
Plaintiff,

v.                                                                 No. D-307-CV-2017-01647

PROGRESSIVE DIRECT INSURANCE COMPANY
AND VALVINA HAMILTON
Defendants,

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint, Jury Demand, Arbitration Certificate, Order Requiring Scheduling Reports; Progressive Direct Insurance Company was sent to Defendant; Progressive Direct Insurance Company on June 22, 2017 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on June 29, 2017 as shown by return receipt by Postmaster.



In Witness Whereof, I have
hereunto set my official seal
on this June 29, 2017

John D. Franchini
Superintendent of Insurance